RYAN, ADMINISTRATOR v. SMELTZER

[No. 27,694. Filed April 22, 1942.]

*Ralph B. Gregg, George P. Ryan,* and *Edward J. Fillenwarth,* all of Indianapolis, for appellant.

*R. P. Bundy,* of Zionsville, for appellee.

FANSLER, J.—This is an appeal from a judgment allowing a claim against an estate. The appellee filed her claim, which alleges that on April 3, 1935, Carl C. Ryan executed to claimant's father, Harbert E. Hill, five promissory notes, due in one, two, three, four, and five years after date, and aggregating the principal sum of $6,800; that a mortgage to secure the notes was executed, which was recorded in January, 1939; that in April, 1936, Harbert E. Hill assigned the mortgage and notes to the claimant. There is a prayer for judgment for the amount due on the notes. There were special findings of facts and conclusions of law, and a judgment allowing the claim as an unsecured claim against the estate.

Error is assigned upon the overruling of a motion for a new trial.

It is appellant's contention that it appears from the evidence that "the consideration for the execution of the five (5) notes sued upon herein was an illegal one in that said notes were made for the purpose of defrauding possible judgment creditors of Harbert E. Hill."

It appears from the evidence that in May, 1929, Carl C. Ryan executed certain notes to Mr. Hill, secured by a mortgage which was recorded; that the notes in suit were executed for the unpaid balance due on the earlier notes; that when the later notes were executed a new mortgage securing them was also executed. The old mortgage was released, and the new mortgage was not recorded until January, 1939, but together with the notes was assigned to the appellee in April, 1936; that at that time Mr. Hill, the appellee's father, was defendant in a certain law suit which finally terminated in his favor. The defendant offered to prove by the administrator, who was a son of the decedent, that his father told him, out of the presence of the claimant or Mr. Hill, her father, that Mr. Hill came to him and requested that he be allowed to release the prior mortgage, and that Mr. Ryan execute to him a new mortgage, which he intended to withhold from record. "The purpose being so that he would not show any property of record or assets of record in his name. That he was involved in litigation connected with claims growing out of Peoples Bank at Whitestown which might ruin him and he wanted to transfer his assets so that none of them would show that he held anything in his own name." The trial court refused to permit this testimony. Appellant says that this evidence was admissible upon the theory that the decedent and Mr. Hill were engaged in a common enterprise or conspiracy to

defraud the creditors of Mr. Hill, and therefore that the admissions of each are admissible against the other. We need go no further than to observe that there was no evidence of a conspiracy; there is nothing more than an effort to prove a conspiracy by one who is asserted to have been one of the conspirators. It is noted also that this is not an action against the conspirators, but an action by a person standing in the place of one of the so-called conspirators against the other. There was no error in excluding this testimony.

The notes in suit were given for the unpaid balance due upon former notes. This is a sufficient and lawful consideration. There is evidence that the claimant's father was a defendant in a law suit; that he did not immediately record the second mortgage, but assigned it with the notes to his daughter; and there may be evidence that he disposed of certain other property which he owned. There is no evidence that the decedent had any unlawful purpose in executing the new notes and new mortgage, or that he had any knowledge of any fraudulent purpose on the part of the payee. The appellant relies upon many cases in which a debtor transferred and divested himself of title to his property for the purpose of defrauding his creditors. These cases have no application. The claim recites that a mortgage was given to secure the notes sued on, but the claim is upon the notes and not upon the mortgage, and the judgment is upon the notes and not upon the mortgage. The claimant's father in procuring the renewal notes did not transfer or divest himself of any property. If there was any transfer of property to defraud creditors it was the assignment of the notes and mortgage to his daughter. It was claimed that this was for a valuable consideration, but it does not matter, since the assignment is valid between the

parties. The appellant has no reason to complain, since it is conceded that the decedent owed the debt, and that the indebtedness arose long before the time of the assignment of the notes to the claimant.

We find no error.

Judgment affirmed.

Swaim, J., not participating.

NOTE.—Reported in 41 N. E. (2d) 138.